UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER ARROTTA; JEREMIAH F. HERBERT; RON R. ROYSTER,

                      Plaintiffs,

-against-

MICHAEL A. SCHIFF; ERIC J. CHABOTY; HAROLD L. SMITH; JOHN DOE GINTY; CHRISTOPHER BINI; THOMAS E. COMPASSO; SAMMI ENCARNCION,

                      Defendants.

18-CV-11631 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiffs Christopher Arrotta, Jeremiah Herbert, and Ron Royster, currently detained at the Sullivan County Jail, jointly filed this *pro se* complaint under 42 U.S.C. § 1983. Plaintiffs, who are Muslims, assert that Defendants have interfered with their rights to exercise their religious beliefs. For the reasons set forth below, Plaintiffs' claims are severed under Fed. R. Civ. P. 21.

## DISCUSSION

### A.    Standard for Joinder and Severance

      Generally, Rule 20 of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in one action if (1) they assert any right to relief arising out of the same occurrence or series of occurrences and (2) if any question of law or fact in common to all plaintiffs will arise in the action. But Rule 21 of the Federal Rules of Civil Procedure "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance." *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968). "[D]istrict courts have broad discretion to decide whether joinder is appropriate, even when the

requirements of Rule 20(a) have been met," *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002), especially if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay," Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1652 (3d ed.) (citations omitted).

In determining whether to deny joinder or order severance of parties, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (considering motion to sever under Fed. R. Civ. P. 20 and 21); *see also Laureano v. Goord*, No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007) (When considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'") (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003)).

**B.     Whether Plaintiffs' Claims Should be Severed**

   **1.     Prison Litigation Reform Act**

To proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account.[1] *See* 28

---

[1] A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00

2

U.S.C. § 1915(b)(1). Prisoners are therefore not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. To comply with the PLRA, prisoners in a multi-plaintiff case are required to either prepay the full filing fee or each submit an IFP application and prisoner authorization authorizing the Court to deduct the full amount of the filing fee from each prisoner's account.[2]

Plaintiffs submitted the complaint without prepaying the filing fee. Plaintiffs also did not submit a complete set of IFP applications and prisoner authorizations: Arrotta submitted an IFP application but did not submit a prisoner authorization; Herbert and Royster did not submit IFP applications or prisoner authorizations. This action cannot proceed until either all three prisoners collectively pay the full filing fee or each submits the relevant documents.

The Court must direct Plaintiffs to remedy these deficiencies. Assuming Plaintiffs choose to proceed without prepaying the full filing fee, compliance with the Court's order will likely result in piecemeal submissions and delays. Based on the logistical issues presented by the

---

filing fee from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

[2] Although the Second Circuit has not reached the issue, a majority of courts have held that the PLRA requires each prisoner to pay a full filing fee, regardless of whether the prisoner has joined with others to file one case or is proceeding as the sole plaintiff. *See Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001), *cert. denied sub nom. Hubbard v. Hopper*, 534 U.S. 1136 (2002); *Miller v. Annucci*, No. 18-CV-0037 (CM) (S.D.N.Y. Feb. 27, 2018) (noting that *Hubbard*, *Hagan*, and *Boriboune* are "consistent with the Second Circuit's recognition that the PLRA was intended to deter the filing of frivolous lawsuits by prisoners," and that allowing prisoners to "split the cost of one filing fee between them would undermine the deterrent effect of the PLRA filing fee requirement") (quoting *Ashford v. Spitzer*, No. 08-CV-1036 (LEK) (RFT), 2010 U.S. Dist. LEXIS 147041, at *13 (N.D.N.Y. Mar. 16, 2010)). *But see In re Prison Litig. Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997) (declaring in an administrative order that "any fees and costs that the district court or the court of appeals may impose shall be equally divided among all the prisoners"); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999) (holding that costs assessed under 1915(f) must be apportioned equally among prisoner plaintiffs).

PLRA, the Court concludes that allowing this case to proceed as a multi-plaintiff case would not be fair to the Plaintiffs and would not achieve judicial economy. If Plaintiffs remedy the deficiencies by submitting the required documents, the Court will then consider whether it is appropriate to deem the cases related or consolidate them. *See Hagan v. Rogers*, 570 F.3d 146, 161 n.11 (3d Cir. 2009) (Jordan, concurring in part and dissenting in part) ("Rule 42(a) stands as an independent and solid foundation for bringing efficiencies to related prisoner lawsuits, as district courts may, on a case-by-case basis, deem fit.").

2. **Other Factors Favoring Severance**

Here, Plaintiffs' claims may arise out of the same transactions or occurrences and involve common questions of law or fact –. Plaintiffs' assertions stem from correction officials' denial of their rights to freely exercise their religion at the Sullivan County Jail. But even if Plaintiffs' claims in this action are properly joined, the Court finds that that the practical realities of managing this *pro se* multi-prisoner litigation militate against adjudicating the plaintiffs' claims in one action. As *pro se* litigants, each plaintiff may appear only on his own behalf; none may appear as an attorney for the others. *See United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'") (citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause"). In addition, Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper be signed by every party personally who is unrepresented. During the course of this action, each plaintiff would therefore be required to sign any motion or notice filed. But because of the transitory nature of a pretrial detention facility such as Sullivan County Jail, where an inmate could be released or transferred at any time, and because of security concerns related to inmate correspondence and face-to-face

communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other with copies of the motions and notices that they file with the Court. This can result in further piecemeal submissions and , delays, and missed deadlines. *See Perkins v. City of New York*, No. 14-CV-3779 (WHP), 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (finding that multi-prisoner case should be severed under Fed. R. Civ. P. 21 into individual actions based on unwieldy complaint, security considerations, and plaintiffs' likely inability to jointly litigate the case because they were housed in different facilities or given limited opportunities to associate).

C.  **Directing Severance of Plaintiffs' Case**

With the above concerns in mind, the Court concludes that allowing this action to proceed as a multi-plaintiff case would result in unfairness to Plaintiffs and does not serve the ends of judicial economy. Allowing each plaintiff to proceed separately on the other hand, would facilitate the fair and efficient disposition of the litigation. The Court will therefore sever this action into individual cases.

Christopher Arrotta will proceed as the sole plaintiff in this action. The two remaining plaintiffs – Jeremiah Herbert and Ron Royster – will each be assigned a new case number. A copy of the complaint, other documents in this case, and this order will be docketed in each new case. The new cases will proceed independently from this point on, and each plaintiff must sign and submit his own papers in his individual case.

The Court will issue additional orders as appropriate to resolve Plaintiffs' failure to submit the filing fee or completed IFP applications and prisoner authorizations. If Plaintiff remedy the deficiencies, the Court will then consider whether to deem the cases related or consolidate them.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiffs, and note service on the docket.

The Court severs Plaintiff's claims from each other under Fed. R. Civ. P. 21. Christopher Arrotta will proceed as the sole plaintiff in this action. The Clerk of Court is further directed to open separate civil actions with new case numbers for Jeremiah Herbert and Ron Royster. A copy of the complaint, other documents in this case, and this order should be docketed in each new case.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 22, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge